GEORGE W. STROCK v. JOHN STROCK ET AL.

**After-Acquired Real Estate Passes Under Residuary Clause of Will.**

A will containing the general residuary clause, "the balance and remainder of my property of every kind and description I give and bequeath," etc., covers after-acquired real estate, and in an action for partition of said real estate it will be treated as having passed under the residuary clause.

[Syllabus by the court.]

ERROR.

*James W. Galbraith,* for plaintiff in error.

*James P. Seward* and *Kramer & Jarvis*, for defendant in Error.

**HOUCK, J.**

The parties to this proceeding in error stand here in the same relation to each other as they stood in the court below.

This is an action brought for the partition of certain real estate described in the petition of the plaintiff and of which the testatrix, Mary Elizabeth Clark, died seized, but said real estate was acquired by her after the execution of her last will and testament.

The conceded facts are as follows: On April 4, 1910, Mary Elizabeth Clark, who then owned no real estate, made and executed her last will and testament. Her estate at the time, as specifically described in her will, consisted only of mortgage securities, bonds, stocks, money loaned and cash in bank, from which personal estate she gave and bequeathed certain money bequests amounting to about $8,800, leaving a balance of personal property which would pass under a residuary clause of her will in the sum of $10,000; that about two and a half years after the execution of her will she purchased the real estate described in the petition of plaintiff, and at the time of her death was seized of same. Said testatrix never re-executed or republished her will. The residuary clause of the will of Mary Elizabeth Clark is as follows:

"Item 10. The balance and remainder of my property of every kind and description I give and bequeath to Curtis King and his wife, Jennie King, and to Roy Sipe and his wife, Alice Sipe, share and share alike; that is, to Curtis King and his said wife the one-half of the amount left after all of the above gifts, and to Roy Sipe and his said wife the other half remaining after all of the above gifts."

The only question to be determined in this case is, does the real estate acquired by the testatrix subsequent to the making of her will pass by the terms and provisions thereof? This question must be solved by a proper, true and correct interpretation of the terms and provisions of the will now before us for construction, but in arriving at the intention of the testatrix it

Strock v. Strock.

is not necessary to construe the entire will and all of its provi-
sions, if the question to be determined can be ascertained from
one clause thereof, which we think is clearly apparent in the
instant case, being the residuary clause as contained in item 10.
Counsel for plaintiff in error urges that the will before us for
construction be construed according to certain rules of con-
struction, and in his printed brief cites many of these rules upon
which he relies.    True, we have well settled rules for the con-
struction of wills, such as the following:   (a)   The intent of
the testator, the guide in the construction of a will, is to be
gathered from a consideration of the entire instrument.    (b)
The whole will must be construed together, and in the light of
the whole will and all the surrounding circumstances each clause
is to receive its interpretation.   (c)   Nothing is more clearly
settled or of more frequent application in the construction of a
will than the rule requiring the intention of the testator to be
gathered from all its parts and not from isolated passages.· These
rules are sound, but are only applicable when the language
used in the will is ambiguous, indefinite and uncertain, or where
different items or clauses of the same will relate to the same sub-
ject-matter, and then it becomes necessary to consider the entire
will or different items therein in order to ascertain the intent of
the testator.    But no such case is presented here, for the reason
that but one item of the will is necessary to be construed for
the purpose of ascertaining whether or not the real estate in
question passed by devise.   Section 10579 G. C. provides as fol-
lows:

"Any estate, right or interest, in lands or personal estate or
other property acquired by the testator after making his will,
shall pass thereby, as if held or possessed at the time it was
made, if such manifestly appears by the will to have been his
intention."

Let us inquire:  Does the language used in item 10 of the
will before us plainly and manifestly show upon its face an in-
tention on the part of the testatrix, Mary Elizabeth Clark, to
devise her after-acquired real estate?  We think so.   The lan-
guage contained in this item of the will must be interpreted to
mean just what is expressed therein by the words and language

used. The mere fact that we can not understand why the testatrix so provided, or that such provision is different from what was or might have been expected will not warrant or justify putting a construction on said language different from the plain meaning of the words used therein. The language is clear, plain and unambiguous, and we are bound to hold that the intention of the testatrix, as manifestly shown by the language used in item 10 of her will, was to devise all after-acquired property of which she might die seized. It seems to us that this is the natural and ordinary meaning and import of the language thus used. To us it seems clear that the language employed is such that there can not be any doubt as to its being a general residuary clause: "The balance remaining of my property of every kind and description I give and bequeath," etc.

We feel that the law is well settled that such words, in the residuary clause of a will, wholly and entirely preclude an interpretation to die intestate as to any property of which the testator may die seized. The learned counsel for plaintiff in error relies upon the case of *Wright* v. *Masters*, 81 Ohio St. 304 [90 N. E. 797; 135 Am. St. 790; 18 Ann. Cas. 165]. We have examined it with much care and can not agree with the claim thus made. A careful reading of the opinion in the above cited case (at pages 312 and 313) clearly discloses the fallacy of counsel's contention. Judge Crew, speaking for the court in said case, says:

"This rule of the common law has, however, been so far modified by statute (Sec. 10579 G. C.), in this state, that property acquired by a testator subsequent to the execution of his will, shall pass thereby, if, from the will itself, it shall appear with sufficient clearness that such was the intention of the testator. * * * The language of this statute clearly indicates its limitation, and shows it to have been the purpose of the Legislature to restrict its operation to those cases where the intent of the testator to pass after-acquired property is clearly and sufficiently disclosed in his will. Hence, in every instance the question involved becomes one of construction, and the intent of the testator must be sought in the will itself. The will under consideration in the present case makes no reference what-

Strock v. Strock.

ever in any of its provisions to after-acquired property. The property therein devised by item one to Mary Masters during her life is definitely designated and specifically described, and there is in the provisions of said will no hint or suggestion anywhere of a purpose on the part of the testator to give her more than the property thus specifically described. This will contains no residuary clause, and there is in it no clause, either general or specific, under which the property in controversy would or could pass to Mary Masters as devisee, even if the testator had owned the same at the time he executed said will.''

It will be seen that in the case of *Wright* v. *Masters, supra,* that the will contained no residuary clause, and there was no provision in it, either general or specific, whereby after-acquired property would or could pass to the claimed devisee. But not so in the case at bar. We do find a residuary clause which is specific, definite and certain, and which by the plain language used devices ''the balance and remainder of my [testatrix's] property of every kind and description.'' We therefore are of the opinion that the doctrine laid down in the case of *Wright* v. *Masters, supra,* is a case which seems to us to be directly in point and decisive of the case at bar, and instead of its being favorable to the contention of plaintiff in error in this case we are free to say that it is directly in point and fully bears out the claim of the defendants in error.

We wish to call the attention of counsel to the case of *Newton* v. *McKinstry,* 36 O. C. C. 614 (16 N. S. 219). A careful examination of this case as to the facts and the law, as laid down by the learned judge in the opinion, leads us to the conclusion that it is a case directly in point with the instant case, and that the doctrine enunciated therein is also decisive of the question before us.

In view of what we have already said we hold that the will of Mary Elizabeth Clark passed the real estate in controversy, which was acquired by her after the execution of her will. Thus finding, it follows that the judgment of the common pleas court must be affirmed.

Judgment affirmed.

**Powell** and **Shields, JJ.,** concur.